On May 5, 1997, the United States appealed McKeiver's sentence to the United States District Court pursuant to 18 U.S.C. §§ 3402, 3742(g) and Fed.R.Cr.P. 58(g)(2)(B).[9] Docket No. 69. Because the United States did not have the benefit of this written opinion as

### UNITED STATES of America

v.

### Dorothy McKEIVER.

### No. 96–172–CR–ORL–22.

United States District Court,
M.D. Florida,
Orlando Division.

Oct. 30, 1997.

---

Joel T. Remland, Darlene M. Geiger, Federal Public Defender's Office, Orlando, FL, for Defendant.

A.B. Phillips, U.S. Attys Office, Orlando, FL, for U.S.

## *ORDER*

CONWAY, District Judge.

Following a jury trial before United States Magistrate Judge James G. Glazebrook, the Defendant, Dorothy McKeiver, was convicted of forcibly assaulting a United States Customs Inspector, in violation of 18 U.S.C. § 111. McKeiver was sentenced to 24 months probation, was fined $5,000.00 (to be paid in 24 monthly installments), and was ordered to pay a special assessment of $25.00. As a special condition of her probation, McKeiver was required to participate in an anger management program.

■ Pursuant to Fed.R.Crim.P. 58(g)(2)(B), the United States has appealed McKeiver's sentence. The United States contends that Judge Glazebrook erred in refusing to increase McKeiver's base offense level by 3 points pursuant to U.S.S.G. § 2A2.4(b)(1). That guideline provision requires a 3–level increase "[i]f the conduct involved physical contact[.]" Judge Glazebrook determined that § 2A2.4(b)(1) did not apply because the only physical contact which occurred was victim-initiated. In that regard, the record is clear that the only physical contact which took place was the Customs Inspector slapping McKeiver's pointed finger away from his face. Judge Glazebrook ruled that § 2A2.4(b)(1) applies only to defendant-initiated physical contact. On review, this Court determines that Judge Glazebrook's analysis was correct.

■ The United States also argues that Judge Glazebrook erred in refusing to impose a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1. In that regard, the United States maintains that McKeiver obstructed justice by falsely representing her income so that she would qualify for court-appointed counsel. Properly recognizing that Application Note 1 to § 3C1.1 requires a court to evaluate a defendant's statements in a light most favorable to the defendant, Judge Glazebrook concluded that the United States had not proved McKeiver willfully attempted to mislead the court regarding her income. The Court determines that Judge Glazebrook did not err on this point.

■ McKeiver has appealed both her conviction and her sentence. She raises two points: that the evidence at trial was insufficient to support her conviction, and that the § 5,000.00 fine was unconstitutionally excessive. The Court rejects these arguments. Viewed in a light most favorable to the United States, the evidence was sufficient to support McKeiver's conviction. The excessive fine argument is so devoid of merit that the Court need not further address it.

Based on the foregoing, it is ORDERED that Dorothy McKeiver's conviction and sentence are AFFIRMED.